UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL PERALTA-COLLADO, | : | |
| | : | |
| Petitioner | : | No. 4:CV-10-1518 |
| | : | |
| vs. | : | (Petition Filed 7/22/10) |
| | : | |
| H.L. HUFFORD, | : | (Judge Muir) |
| | : | |
| Respondent | : | |

**MEMORANDUM AND ORDER**

October 7, 2010

Rafael Peralta-Collado, an inmate confined in the Schuylkill Federal Correctional Institution (FCI-Schuylkill), Minersville, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is H.L. Hufford, Warden at FCI-Schuylkill. Petitioner claims that his due process rights were violated at FCI-Schuylkill during the course of a prison disciplinary hearing, where he was found guilty of the prohibited act of Fighting with Another Person, a violation of Disciplinary Code Section 201. Specifically, he claims that the Discipline Hearing Officer ("DHO") failed to review surveillance video which may have contained evidence to support his claim that he

was defending himself against the assault of two other inmates. (Doc. 1, petition). The petition is ripe for disposition and, for the reasons that follow, will be denied.

**Background**

On August 27, 2009, at approximately 7:05 a.m., petitioner was served with Incident Report No. 1910578 for Fighting with Another Person, a violation of Disciplinary Code Section 201. (Doc. 8, Ex. C, Incident Report). The incident report, which was written by Lieutenant Joseph G. Reed, reads as follows:

> Description of Incident (Date: 08/27/09 Time: 7:05 a.m. Staff became aware of incident)
> On 08/27/09, at approx. 7:05 am, I was in the sallyport of the Special Housing Unit, waiting to exit. I was looking in the direction of the Education Department and I observed two inmates, identified as Peralta (#23274-069/3B) and Sylvestre (58186-054/ 2B), separate themselves from the other inmates who were walking on the sidewalk and they moved to the sidewalks leading to the HSU and SHU. I observed the two inmates circle each other, similar to the posturing of boxers. I made a call for assistance via radio for a fight in progress on the sidewalk, outside the Education Department. As I was making the transmission, the two inmates began to exchange punches with each other. Both inmates were in a fighting stance and both engaged in exchanging punches. As I concluded my transmission, the sallyport door opened,

2

> and I ran to the location of Peralta and
> Sylvestre. The inmates separated on their own
> prior to the arrival of staff. Upon the
> arrival of additional staff, I identified the
> two participants. Peralta and Sylvestre were
> escorted to the HSU where they were examined,
> treated, and photographed. Peralta required
> four stitches for a laceration behind his
> right ear. Sylvestre sustained a scratch on
> the middle finger of his right hand.

Id. On September 1, 2009, petitioner appeared before the Unit Disciplinary Committee ("UDC"). Id. Due to the seriousness of the charges, the UDC referred the charge to the Discipline Hearing Officer (DHO), recommending a transfer to a secure facility. Id.

Petitioner was advised of his rights before the DHO by a staff member on September 1, 2009. (Doc. 8, Ex. D, Inmate Rights at DHO hearing). Petitioner did not request any witnesses or staff representative for his hearing. Id.

On September 15, 2009, Peralta appeared for his discipline hearing. (Doc. 8, Ex. E, Discipline Hearing Officer Report). The DHO determined that petitioner had received advance written notice of the charge, and was advised of his rights before the DHO by a staff member on August 27, 2009. Id. Petitioner did not request a staff representative or any

3

witnesses. Id. Petitioner did not raise any procedural issues or present written documentation as evidence. During the hearing, petitioner stated "The report is true, I was in the chow hall and when I came out he (Inmate SYLVESTRE) stopped me and someone came from behind and hit me and I tried to get away." Id.

The documentary evidence which the DHO considered in making his determination included the Incident Report and Investigation; Memoranda dated August 27, 2009, from Joseph Reed, Lt. Hansel, W. Gottshall and J. McKivigan; and photographs taken by E. Fetterolf, SIS Technician. Id. The specific evidence taken from the relied upon documentary evidence was as follows:

> During this discipline hearing regarding inmate PERALTA-COLLADO, R., Register No. 23274-069, for the charge(s) of Fighting with Another Person, Code(s) 201, the following information was evidentiary and documented by the DHO in his findings.
>
> PERALTA-COLLADO's, involvement in the incident as noted in Section 11 of Incident Report 23274-069, as provided by Joseph G. Reed, Lt., was viewed as inculpatory in this case. Paraphrased, Lt. Reed writes: On 8/27/09, at approx. 7:05 am, I was in the sallyport of the Special Housing Unit waiting to exit. I was looking in the direction of the Education Department and I observed two inmates,

4

identified as PERALTA (#23274-069/3B) and SYLVESTRE (58186-054/2B), separated themselves from the other inmates who were walking on the sidewalk and they moved to the sidewalks leading to the HSU and SHU. I observed the two inmates circle each other, similar to the posturing of boxers. I made a call for assistance via radio for a fight in progress on the sidewalk, outside the Education Department. As I was making the transmission, the two inmates began to exchange punches with each other. Both inmates were in a fighting stance and both engaged in exchanging punches. As I concluded my transmission, the sallyport door opened and I ran to the location of PERALTA and SYLVESTRE. The inmates separated on their own prior to the arrival of staff. Upon the arrival of additional staff, I identified the two participants. PERALTA and SYLVESTRE were escorted to the HSU where they were examined, treated and photographed. PERALTA required four stitches for a laceration behind his right ear. SYLVESTRE sustained a scratch on his middle finger of his right hand.

Inculpatory evidence in the form of Injury Assessment Report dated 8/27/09, corroborated the evidence cited in the incident report in this case. The assessment reports indicated both inmates were examined and treated for injuries consistent with those of having been involved in mutual physical altercation. Inmate PERALTA was treated for a cut behind his right ear. Inmate SYLVESTRE was treated for an abrasion to his right finger/hand. Photographs were taken by Officer Fetterolf dated 8/27/09 support the assessment reports.

The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing

5

> false information.
>
> Upon questioning by the DHO, inmate PERALTA-COLLADO, admitted the charge(s). He elaborated upon his plea by stating, the report is true.
>
> After the consideration of all evidence listed in Sections III and V of this hearing report and documented above, the DHO has drawn the conclusions the greater weight of the evidence/some facts, listed in paragraphs two and three above as well as the inmate's admission, support(s) the finding inmate PERALTA-COLLADO, R., Register No. 23274-069, committed the prohibited act(s) of Fighting with Another Person, Code(s) 201, on 8/27/09, at or about 7:05 am, in Fighting with Another Person, FCI-Schuylkill, Minersville, Pa.

Id. The DHO sanctioned petitioner to forty-five (45) days disciplinary segregation; disallowance of thirty-two (32) days good conduct time; forfeiture of ninety (90) days non vested good conduct time; eighteen (18) months loss of telephone and visitation privileges; one (1) year loss of commissary privileges; and a disciplinary transfer. Id. The DHO documented his reasons for the sanctions given as follows:

> PERALTO-COLLADO involvement in a fight with another inmate (2nd offense) potentially threatened not only the safety of the participants, but staff responding to the incident and other inmates in the area. Sometimes what appear to be isolated incidents (a fight in this case) evolve to involve others. Accordingly, Disciplinary

6

> Segregation, the Disallowance of Good Conduct
> Time and the Forfeiture of Non Vested Good
> Conduct Time is sanctioned to punish PERALTA-
> COLLADO for his behavior, while the Loss of
> Privileges (Phone, Visit and Commissary) is
> sanctioned in an effort to deter him from this
> behavior in the future.
>
> The DHO is recommending a Disciplinary
> Transfer to meet PERALTA's greater need for
> supervision as well as to an institution
> commensurate to his security needs.

Id. Peralta was advised of his appeal rights at the conclusion of the hearing. Id.

**Discussion**

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir.2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Since petitioner's sanctions did include the loss of good conduct time, petitioner has identified a liberty interest in this matter.

7

In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir.1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, et seq., and entitled, <u>Inmate Discipline and Special Housing Units</u>. These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. See <u>Von Kahl v. Brennan</u>, 855 F.Supp. 1413, 1418 (M.D.Pa.1994). Pursuant to these regulations, staff shall prepare an Incident Report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.14. The incident is then referred to the UDC for an initial hearing pursuant to § 541.15. The UDC hearing is "ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident" and does not include the initial day staff learns of the incident, weekends or holidays. See 28 C.F.R. § 541.15(b). This period may be extended for good cause shown by either the inmate or staff. See 28 C.F.R. § 541.15 (k). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a

9

prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.15. "The DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." 28 C.F.R. § 541.17(g).

In the instant case it is clear that Peralto was afforded all of the required procedural rights set forth in <u>Wolff</u>. He received timely notice of the incident report. He was properly informed of his rights before the hearing, as well as given the opportunity to make his own statement, present documentary evidence, have a staff representative, and to present witnesses on his behalf. Petitioner chose only to make a statement, which was documented in the DHO's report. Petitioner also received a written decision setting forth the evidence relied upon by the DHO and the rationale behind the decision. Petitioner was then notified of his right to appeal.

Since Peralta was afforded all of his procedural rights, the only remaining issue is whether there was sufficient evidence to support the decision by the DHO. The record clearly reveals the existence of documentary evidence submitted at the hearing to allow the DHO to conclude that the greater weight of

10

the evidence supported a finding of guilt. In addition to the statement provided by Petitioner, the DHO also considered the investigative report and staff memoranda submitted. Based on the foregoing, the Court concludes that the evidence before the DHO was sufficient to support the outcome of the hearing and meets the requirements imposed by the Due Process Clause.

Finally, the Court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. § 541.13. Petitioner was found guilty of a 200-level, high severity prohibited act. Pursuant to 28 C.F.R. § 541.13, the following are some of the sanctions available for 200 level offenses:

> B.    Forfeit non-vested good conduct time up to fifty percent or sixty days, whichever is less;
>
> B.1. Disallow ordinarily fourteen to twenty-seven days good conduct time;
>
> C.    Disciplinary Transfer(recommended)
>
> D.    Disciplinary segregation (up to thirty days); and,
>
> G.    Loss of privileges.

28 C.F.R. § 541.13 (Tables 3 and 4). However, pursuant to 28 C.F.R. § 541.13(e) and Table 5 of § 541.13, the DHO may impose the following increased sanctions for repeated Code 201 offenses

11

committed within eighteen months:

> 1. Disciplinary segregation, up to forty-five days;
>
> 2. Forfeit non-vested good conduct time up to seventy-five percent or ninety days, whichever is less.

The DHO may also, under 28 C.F.R. § 541.13, Table 4, 1(b.1), go above the guideline range in disallowing good conduct time when there is a repetitive violation of the same prohibited act. Thus, the sanctions imposed by the DHO in the present case were consistent with the severity level of the prohibited act and within the maximum available to the DHO. Accordingly, the petition will be denied. An appropriate Order follows.

An appropriate Order accompanies this Memorandum Opinion.


Dated: October 7, 2010     s/Malcolm Muir
                           MUIR
                           United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


RAFAEL PERALTA-COLLADO, :
:
       Petitioner : No. 4:CV-10-1518
:
  vs. : (Petition Filed 7/22/10)
:
H.L. HUFFORD, : (Judge Muir)
:
       Respondent :

**ORDER**

October 7, 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1, petition) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                         s/Malcolm Muir
                         MUIR
                         United States District Judge